FILED
MAR 29 2007

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>-vs-<br><br>BRIAN MOORE,<br><br>Respondent. | CR 02-40109-02<br>CIV 07-4029<br><br>MEMORANDUM OPINION<br>AND ORDER |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Brian Moore filed a Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255, Doc. 113. For the reasons stated below, the Motion is denied.

Moore contends he has been illegally incarcerated in the Minnehaha County Jail as a result of being falsely charged or accused of threatening another with bodily harm. He was apparently being housed at The Glory House, a community corrections facility, before he was transferred to the Minnehaha County Jail. He contends the charge of threatening another with bodily harm was reduced to insolence toward staff member and, therefore, he should be immediately transferred back to The Glory House.

Moore was convicted of conspiracy to possess with intent to distribute cocaine base. He was sentenced on June 2, 2003, to 60 months' imprisonment and four years' supervised release. *See United States v. Moore*, CR 02-40109-02 (D.S.D.) (Judgment, Doc. 98).

The pending motion will be denied because Moore is not attacking the conviction or sentence for which he was incarcerated, "claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255. He is seeking to challenge his transfer from a community corrections facility to the Minnehaha County Jail for

violating the rules of the community corrections facility. Thus, he is neither challenging his conviction, his sentence nor the fact that he is in custody. Rather, he is challenging the place of his confinement. Such relief is not available under 28 U.S.C. § 2255.

When the district court has denied a motion under 28 U.S.C. § 2255, the petitioner may not appeal without a certificate of appealability. Such a certificate may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c). A "substantial showing" under this section is a showing that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In other words, a "substantial showing" is made if "a court could resolve the issues differently, or the issues deserve further proceedings." *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997). Moore has not alleged the denial of a constitutional right in his motion and he has not made a substantial showing of the denial of a constitutional right. Accordingly,

IT IS ORDERED:

1. That Brian Moore's Motion to Proceed In Forma Pauperis, Doc. 114, is denied as moot because no filing fee is due.

2. That the Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255, Doc. 113, is denied.

3. That a Certificate of Appealability shall not issue on any of the issues raised in the § 2255 motion.

Dated this 28th day of March, 2007.

BY THE COURT:

/s/ Lawrence L. Piersol
Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK
BY: /s/ Jackie Mullenheimer
(SEAL)          DEPUTY

2